# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| TROY WINSTON,<br><br>Plaintiff,<br><br>v.<br><br>MARYLAND CORRECTIONAL<br>TRAINING CENTER,<br><br>Defendant. | Civil Action No. TDC-18-1832 |

## MEMORANDUM ORDER

Plaintiff Troy Winston, a state inmate formerly confined at the Maryland Correctional Training Center in Hagerstown, Maryland ("MCTC"), has filed a Petition for Injunctive Relief against Warden Richard D. Dovey of MCTC. The Petition was followed approximately two weeks later by a Complaint against MCTC seeking damages and injunctive relief arising from an incident when correctional officers used pepper spray against him and denied him medical care.

In the Petition, Winston sought an injunction "to prohibit further injury." Pet. Injunctive Relief at 6, ECF No. 1. Winston alleged that while on disciplinary segregation at MCTC, correctional officers threatened to tamper with his food, used pepper spray against him without warning, denied him medical attention, tampered with personal items in his cell, denied him recreation, and denied him the opportunity to speak with a supervisor.

Because the Petition could arguably be construed as a Motion for a Preliminary Injunction, the Court directed the Warden to file a response to the Petition. According to the Warden, on May 28, 2018, while Winston's cell was being searched, Winston placed a narcotic in his mouth and attempted to swallow it. Winston refused to comply with orders from staff and, as he was being

forcibly removed from his cell, assaulted an officer. After a disciplinary hearing, Winston was found guilty of assault, disobeying an order, and possession of a controlled dangerous substance. He was sentenced to 225 days of disciplinary segregation. The Warden further asserts that on June 11, 2018, Winston assaulted an inmate worker by squirting a liquid through his door slot. Officers used pepper spray in an effort to stop Winston's further assault on the worker. After a disciplinary hearing, Winston was found guilty of assault and possession of a weapon and sentenced to 250 days of disciplinary segregation. Finally, the Warden states that on June 28, 2018, Winston was transferred to Western Correctional Institution in Cumberland, Maryland.

To obtain a preliminary injunction, moving parties must establish that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). A moving party must satisfy each requirement as articulated. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010). Because a preliminary injunction is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Because Winston was transferred out of MCTC in June 2018, he cannot show a likelihood of imminent irreparable harm from further mistreatment by MCTC correctional personnel. Accordingly, to the extent the Petition could be construed as a Motion for a Preliminary Injunction, it will be denied.

Moreover, because Winston is now at a different facility, his claim for injunctive relief is now moot. Article III of the Constitution limits the judicial power to "actual, ongoing cases or

2

controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *Los Angeles County. v. Davis*, 440 U.S. 625, 631 (1979)). Where injunctive or declaratory relief is requested in an inmate's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that the transfer of a prisoner mooted his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Roads Reg. Jail*, 407 F.3d 243, 248-49 (4th Cir. 2005) (holding that a pre-trial detainee's release mooted his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). Winston's request for injunctive relief is now moot because he is no longer in custody at MCTC.

Although Winston's Complaint, filed after the Petition, appears to seek damages, it names only MCTC as a Defendant. Ordinarily, a prisoner may not obtain relief against a prison as an entity and must instead name the specific individuals responsible for alleged constitutional violations. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989). Therefore, to the extent Winston still seeks to pursue this case now that injunctive relief is not available, he is directed to file an Amended Complaint identifying which individuals referenced in the Complaint he seeks to name as Defendants. He should also provide additional detail identifying the specific dates and locations of incidents and the specific individuals involved in each incident. Failure to file an Amended Complaint by the stated deadline may result in dismissal of the case.

Accordingly, it is hereby ORDERED that:

1. Winston's Petition for Injunctive Relief, ECF No. 1, is DENIED.

2. Winston's Motion for Leave to Proceed in Forma Pauperis, ECF No. 3, is GRANTED.

3. To the extent that Winston wishes to continue to pursue this case, Winston is DIRECTED to file an Amended Complaint within **28 days** of the date of this Order. Failure to comply with this Order will result in dismissal of the case.

4. The Clerk is directed to SEND to Winston a copy of this order and a forms packet for filing a complaint.

Date: March 26, 2019



THEODORE D. CHUANG
United States District Judge